# IDELL & SEITEL LLP

MERCHANTS EXCHANGE BUILDING
465 CALIFORNIA STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94104
TEL: (415) 986-2400
FAX: (415) 392-9259
www.idellseitel.com

Richard J. Idell*⁺
Owen Seitel

Ory Sandel
Elizabeth J. Rest

*A Law Corporation

Sonoma County Office:
18900 Carriger Road
Sonoma, California 95476
TEL: (707) 938-7763
FAX: (707) 938-7764

Writer's email:
richard.idell@idellseitel.com

February 28, 2012

**VIA ECF FILING**

Honorable Judge Dora Irizarry
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Full Circle United, LLC v. Skee Ball, Inc.*
     United States District Court, Eastern District of New York
     Case No.: 1:11-CV-5476 (DLI) (LB)

Dear Judge Irizarry:

On February 10, 2012, Defendant SKEE BALL, INC., a Pennsylvania corporation ("SBI") through its attorneys, submitted a letter (Doc. No. 19) to object to the inclusion by Plaintiff FULL CIRCLE UNITED, LLC, a New York limited liability company ("Full Circle") of materials in its Opposition to Defendant's Motion to Dismiss or Stay and for a More Definite Statement (the "Opposition"; Doc. No. 14) that are completely improper on a Motion to Dismiss.

On February 17, 2012, Full Circle, through its attorneys, submitted a letter response. Doc. No. 24.

This letter is in response to Full Circle's February 17, 2012, correspondence.

The evidentiary objections contained in SBI's letter of February 10, 2012, should be sustained. In its letter of February 17, 2012, Full Circle <u>admits</u> that it provided "additional facts and evidence" in its Opposition that were <u>not</u> included in its Complaint. *See* third paragraph of Full Circle's February 17, 2012, letter.

Case 1:11-cv-05476-DLI-LB   Document 26   Filed 02/28/12   Page 2 of 2 PageID #: 438

Honorable Judge Dora Irizarry
U.S. District Court
Eastern District of New York
February 28, 2012
Page 2 of 2

The standard on a Motion to Dismiss is very clear:

> "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to <u>facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference</u>."

*Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. N.Y. 1991) (underline added); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. N.Y. 2007) (in considering a Motion under F.R.C.P. 12(b)(6) the Court is limited to looking "only to the allegations on the face of the complaint").

Full Circle attempts to avoid this simple and fundamental rule by asserting that SBI "does not want the Court to be aware of" certain facts. *See* fourth paragraph of Full Circle's February 17, 2012, letter. This statement is misguided and inaccurate.

In fact, in Footnote 8 of SBI's Reply to the Opposition (Doc. No. 23) SBI specifically states: "SB[I] does not address the falsity of [Full Circle's] statements regarding these outside sources, as it is not appropriate to do so in this Motion." Likewise, it is not appropriate to do so herein.

*Neither* Full Circle's Opposition, *nor* Full Circle's February 17, 2012, correspondence are the proper setting for making new allegations of "facts" that are outside of Full Circle's Complaint. If Full Circle wishes to allege additional facts, it should be required to do so in an Amended Complaint.

Accordingly, as set forth in detail in SB's letter of February 10, 2012 (Doc. No. 19), SB respectfully requests that the Court strike and disregard the additional statements and materials set forth in Full Circle's Opposition (Doc. No. 14) and in its letter of February 17, 2012 (Doc. No. 24).

Respectfully submitted,
IDELL & SEITEL LLP

Richard J. Idell

RJI:be
cc: via email:
    Robert Michael Harkins, Jr.
    Jennifer Ming
    Gregory J. Lahr
    Geri S. Krauss
    Jann Moorhead
    Elizabeth J. Rest