# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NEW YORK

FULL CIRCLE UNITED, LLC, a New York
limited liability company,

        Plaintiff,

v.

SKEE BALL, INC., a Pennsylvania corporation,

        Defendant.

---

SKEE BALL, INC., a Pennsylvania corporation,

        Plaintiff,

v.

FULL CIRCLE UNITED, LLC, a New York
limited liability company,

        Defendant.

Case No.:  CV11-5476 (DLI) (LB)

Consolidated with:

Case No. 11-CV-6277 (DLI) (LB)

**NOTICE OF RE-FILING OF SKEE BALL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR STAY AND FOR A MORE DEFINITE STATEMENT, DOCUMENT NO. 9, PER OCTOBER 23, 2013 COURT ORDER OF HON. MAGISTRATE JUDGE LOIS BLOOM**

Honorable Judge Dora L. Irizarry, Presiding

Magistrate Judge Lois Bloom

Complaint in lead case filed: November 8, 2011

Complaint in consolidated case filed: October 5, 2011 (USDC, Northern District California)

Consolidated case transferred to EDNY: December 23, 2011

Counterclaim filed: January 27, 2012

(E-Filing)

## <u>NOTICE</u>

TO:    THE HONORABLE JUDGE DORA L. IRIZARRY, THE HONORABLE

        JUDGE LOIS BLOOM, AND TO ALL PARTIES AND THEIR ATTORNEYS

        OF RECORD:

    PLEASE TAKE NOTICE that, pursuant to the October 23, 2013 Order of the Hon.

Magistrate Judge Lois Bloom, SKEE BALL, INC. ("SBI"), the defendant in Case No. CV11-

5476 (DLI) (LB), hereby re-files its Memorandum of Law in support of its Motion to Dismiss

or Stay and For a More Definite Statement, previously filed on January 23, 2012 as Document

No. 9, which is attached hereto as Exhibit "A".

KRAUSS PLLC

Dated: November 1, 2013         By:     /s/_____
                                        Geri S. Krauss
                                        1 N. Broadway, Suite 1001
                                        White Plains, New York 10601-2310
                                        Telephone: (914) 949-9100
                                        Facsimile: (914) 949-9109

                                        RICHARD J. IDELL (*pro hac vice*)
                                        IDELL & SEITEL LLP
                                        Merchants Exchange Building
                                        465 California Street, Suite 300
                                        San Francisco, California 94104
                                        Telephone: (415) 986-2400
                                        Facsimile: (415) 392-9259
                                        *Attorneys for Skee Ball, Inc., a Pennsylvania
                                        corporation*

# Exhibit "A"

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FULL CIRCLE UNITED, LLC, a New York limited liability company; | ) ) ) | Case No.:  CV11-5476 (DLI) (LB) |
| | ) | **ORAL ARGUMENT REQUESTED** |
| Plaintiff, | ) | |
| v. | ) ) | **Documents Filed Herewith:** Notice of Motion; Declaration of Richard J. Idell; |
| SKEE BALL, INC., a Pennsylvania corporation, | ) ) | Request for Judicial Notice; [Proposed] Order |
| Defendant. | ) ) | Honorable Judge Dora L. Irizarry, Presiding |
| | ) | Magistrate Judge Lois Bloom |
| | ) | |
| | ) | Complaint filed: November 8, 2011 |
| | ) | |
| | ) | **Date of Service: January 20, 2012** |
| | ) | |
| | ) | (E-Filing) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR STAY AND FOR A MORE DEFINITE STATEMENT

<u>TABLE OF CONTENTS</u>

I.     PRELIMINARY STATEMENT ......................................................................1

II.    RELEVANT FACTUAL AND PROCEDURAL SUMMARY.........................3

     A.    DEFENDANT SBI'S EXCLUSIVE RIGHTS ......................................4

     B.    PROCEDURAL POSTURE OF CASE AND EARLIER RELATED LITIGATION......................................................................4

     C.    RELEVANT FACTUAL BACKGROUND.........................................5

III.   ARGUMENT...............................................................................................6

     A.    RELEVANT LEGAL STANDARDS...................................................7

          1.    RELEVANT LEGAL STANDARDS UNDER F.R.C.P. 12(b)(6) ..........................................................................7

          2.    RELEVANT LEGAL STANDARD UNDER F.R.C.P. 12(e) ............................................................................8

     B.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE FULL CIRCLE'S CLAIMS SHOULD HAVE BEEN BROUGHT AS COMPULSORY COUNTERCLAIMS IN THE FIRST-FILED SBI ACTION WHERE FULL CIRCLE HAS NOW BROUGHT A COUNTERCLAIM WITH IDENTICAL ALLEGATIONS; OR, IN THE ALTERNATIVE, THIS ACTION SHOULD BE STAYED AND FULL CIRCLE'S CLAIMS, IF PROPERLY BROUGHT AT ALL, SHOULD BE LITIGATED AS THE COUNTERCLAIM IN THE SBI ACTION...........................................8

     C.    COUNT IV (BREACH OF CONTRACT) .........................................11

          1.    TO THE EXTENT THAT IT ALLEGES BREACH OF THE ORAL 2005 AGREEMENT, COUNT IV (BREACH OF CONTRACT) OF THE COMPLAINT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND PURSUANT TO THE STATUTE OF FRAUDS...............................................................................11

              a.    <u>Full Circle Fails To Plead The Material Terms Of the Alleged Oral 2005 Agreement</u> ...................................11

MOTION TO DISMISS OR STAY AND FOR A MORE DEFINITE STATEMENT

b. The Allegations Pertaining To the Oral 2005 Agreement Directly Contradict The Terms of the 2010 Written Agreement ..................................12

c. The Purported 2005 Agreement Violates The Statute of Frauds .................................................13

**2. COUNT IV (BREACH OF CONTRACT) OF THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY PURSUANT TO F.R.C.P. 12(b)(6) BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** ........13

**3. IF THE COURT DOES NOT DISMISS COUNT IV (BREACH OF CONTRACT), PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIM PURSUANT TO F.R.C.P. 12(e)** ...............................................................15

**D. COUNT V (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)** ...........................................15

**1. COUNT V (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING) SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(6) BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** ........15

**2. IF THE COURT DOES NOT DISMISS COUNT V (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING), PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIM PURSUANT TO F.R.C.P. 12(e)** .............................................................16

**E. COUNT VI (UNFAIR COMPETITION)** ...........................................17

**1. COUNT VI (UNFAIR COMPETITION) OF THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(6) WITHOUT LEAVE TO AMEND BECAUSE PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** ........17

**2. IF THE COURT DOES NOT DISMISS COUNT VII (UNFAIR COMPETITION), PLAINTIFF SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE**

MOTION TO DISMISS OR STAY AND FOR A MORE DEFINITE STATEMENT

STATEMENT OF ITS CLAIM PURSUANT TO
F.R.C.P. 12(e) .................................................................. 17

F.    COUNT VII (SHERMAN ACT VIOLATION) ................................... 18

1.    COUNT VII (SHERMAN ACT VIOLATION) OF THE
      COMPLAINT SHOULD BE DISMISSED PURSUANT
      TO F.R.C.P. 12(b)(6) WITHOUT LEAVE TO AMEND
      BECAUSE PLAINTIFF FAILED TO STATE A
      CLAIM UPON WHICH RELIEF CAN BE GRANTED ........ 18

      a.    Full Circle Fails to Define the Relevant Market .............. 18

      b.    Full Circle Fails to Plead the Existence of SBI's
            Monopoly Power ................................................................ 20

      c.    Full Circle Fails to Plead SBI's Alleged
            Anticompetitive Conduct .................................................. 21

      d.    Full Circle Fails to Plead Antitrust Injury ...................... 22

      e.    Full Circle Fails to Plead Violation of §2 of the
            Sherman Act and Cannot Cure Its Pleading Defects ......... 24

2.    IF THE COURT DOES NOT DISMISS COUNT VII
      (SHERMAN ACT VIOLATION), PLAINTIFF
      SHOULD BE ORDERED TO PROVIDE A MORE
      DEFINITE STATEMENT OF ITS CLAIM
      PURSUANT TO F.R.C.P. 12(e) ................................................ 24

IV.   CONCLUSION ........................................................................... 24

# TABLE OF AUTHORITIES

**Cases**

*800-Flowers, Inc. v. Intercontinental Florist*, 860 F. Supp. 128 (S.D.N.Y. 1994) .......................9

*Access 4 All, Inc. v. Wellington Hotel Co.*, No. 03 Civ. 5027, 2005 WL 3211598 (S.D.N.Y. July 12, 2005)....................................................................................................................................22

*Adam v. Jacobs*, 950 F.2d 89 (2d Cir. N.Y. 1991).................................................................9, 10

*Aequitron Med. v. Dyro,* 999 F. Supp. 294 (E.D.N.Y. 1998)..................................................14

*All Star Carts & Vehicles, Inc. v. BFI Can. Income Fund*, 596 F. Supp. 2d 630 (E.D.N.Y. 2009) ..........................................................................................................................................18

*Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991)......................................9

*Arnold Chevrolet LLC v. Tribune Co.*, 418 F. Supp. 2d 172 (E.D.N.Y. 2006)...........................19

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ..................................... 8, 15, 16, 22, 25

*Associated General Contractors v. Cal. State Council of Carpenters, 459 U.S. 519 (1983)* ......23

*B.V. Optische Industrie De Oude Delft v. Hologic, Inc.*, 909 F. Supp. 162 (S.D.N.Y. 1995) ......20

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990)................................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................................7, 15

*Billy Baxter, Inc. v. Coca-Cola Co.*, 431 F.2d 183 (2d Cir. N.Y. 1970)....................................23

*Broadway Delivery Corp. v. United Parcel Service, Inc.*, 651 F.2d 122 (2d Cir. N.Y. 1981)......20

*Burke v. Bevona*, 866 F.2d 532 (2d Cir. 1989) ........................................................................13

*Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230 (2d Cir. N.Y. 2008) ................................19

*Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738 (9th Cir. 1979)............9

*Citibank, N.A. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172 (E.D.N.Y. 2003).....................9

*Commercial Data Servers, Inc. v. Int'l Business Machines Corp.*, 166 F. Supp. 2d 891 (S.D.N.Y. 2001).......................................................................................................................................19

*Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126 (E.D.N.Y. 2010) ...................................17 - 21, 24

*Conyers v. Rossides*, 558 F.3d 137 (2d Cir. N.Y. 2009)..............................................................7

*Cuoco v. Moritsugu*, 222 F.3d 99 (2d Cir. N.Y. 2000) ........................................ 8, 13, 20, 24, 25

*E&L Consulting, Ltd. v. Doman Indus.*, 360 F. Supp. 2d 465 (E.D.N.Y. 2005).............. 19, 20, 23

*Express Indus. & Terminal Corp. v. New York State Dept. of Transp.*, 93 N.Y.2d 584 N.E.2d 1050 (1999)..........................................................................................................11

*FCOF UB Sec. LLC v. MorEquity, Inc.*, 663 F. Supp. 2d 224 (S.D.N.Y. 2009)........................11

*Federal Ins. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347 (S.D.N.Y. 1992)..........................9

*First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76 (2d Cir. 1989) ..............................9

*GAF Corp. v. Circle Floor Co.*, 463 F.2d 752 (2d Cir. 1972)....................................................23

*Goldman v. Belden*, 754 F.2d 1059 (2d Cir. N.Y. 1985) ..............................................................7

*Hammer v. Supreme Court of U.S.*, No. 05 Civ. 4137 (RJH), 2005 WL 1946038..................7, 15

*Harris v. Provident Life and Acc. Ins. Co.*, 310 F.3d 73 (2d Cir. 2002)....................................16

*Harsco Corp. v. Segui*, 91 F.3d 337 (2d Cir. N.Y. 1996) ..........................................................14

*Hayden Pub. Co. v. Cox Broadcasting Corp.*, 730 F.2d 64 (2d Cir. N.Y. 1984).................20, 21

*Herzfeld & Stern v. Beck*, 572 N.Y.S.2d 683 (N.Y. App. Div. 1st Dep't 1991) .........................14

*Hunt v. Alliance North Am. Gov't Income Trust, Inc.*, 159 F.3d 723 (2d Cir. N.Y. 1998) ............8

*Irvin Industries, Inc. v. Goodyear Aerospace Corp.*, 974 F.2d 241 (2d Cir. N.Y. 1992) .............18

*J. Lyons & Co. v. Republic of Tea*, 892 F. Supp. 486 (S.D.N.Y. 1995)..................................9, 10

*Kok v. First UNUM Life Ins. Co.*, 154 F. Supp. 2d 777 (S.D.N.Y. 2001) ....................................8

*Lerner v. Fleet Bank, N.A.*, 318 F.3d 113 (2d Cir. N.Y. 2003) ....................................................23

*Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, 354 F. Supp. 2d 293 (S.D.N.Y. 2004)....23

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, 244 F.R.D. 204 (S.D.N.Y. 2007) ..............................................................................................................................12, 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)..................................23

*Morris v. Local 819, International Bhd. of Teamsters*, 954 F. Supp. 573 (E.D.N.Y. 1997)..........7

*Naylor v. Case & McGrath. Inc.*, 585 F.2d 557 (2d Cir. 1978)...................................................17

*Nichols v. Mahoney*, 608 F. Supp. 2d 526 (S.D.N.Y. 2009) ......................................................23

*Papasan v. Allain*, 478 U.S. 265 (1986).....................................................................................7

*Payne v. Malemathew*, No. 09-CV-1634 (CS), 2011 WL 3043920 (S.D.N.Y. July 22, 2011).8, 13

*Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, No. 04 Civ. 9578 WL 2266351(S.D.N.Y. Aug. 7,

2006)...........................................................................................................................19

*Sage Realty Corp. v. ISS Cleaning Servs. Group*, 936 F. Supp. 130 (S.D.N.Y. 1996)...............24

*Simon v. Unum Group*, No. 07 Civ. 11426, 2008 WL 2477471 (S.D.N.Y. June 19, 2008) .........16

*Southern Constr. Co. v. United States ex rel. Pickard*, 371 U.S. 57 (1962) ................................9

*Telecom Int'l Am., Ltd. v. AT&T Corp.*, 67 F. Supp. 2d 189 (S.D.N.Y. 1999)............................17

*Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832 (S.D.N.Y. 1988) ...............21

*Todd v. Exxon Corp.*, 275 F.3d 191 (2d Cir. 2001) .....................................................................19

*United States v. Columbia Steel Co.*, 334 U.S. 495 (1948).........................................................20

*United States v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377 (1956) ......................................20

*United States v. Grinnell Corp.*, 384 U.S. 563 (1966) ................................................................21

*Washington v. United States Tennis Ass'n*, 290 F. Supp. 2d 323 (E.D.N.Y. 2003) ....................17

*Xerox Corp. v. Media Scis. Int'l, Inc.*, 511 F. Supp. 2d 372 (S.D.N.Y. 2007) ......................18, 22

*Yankees Entm't & Sports Network, LLC v. Cablevision Sys. Corp.*, 224 F. Supp. 2d 657

    (S.D.N.Y. 2002) .....................................................................................................................21

## Statutes

N.Y. General Obligations Law § 5-701(a)(1).....................................................................3, 5, 13

15 U.S.C. § 2.........................................................................................18, 19, 20, 21, 21, 22

15 U.S.C. § 15(a) ..........................................................................................................................22

15 U.S.C. § 41-58 .........................................................................................................................17

15 U.S.C. § 45 (F.T.C. Act § 5) ...................................................................................................17

15 U.S.C. § 1065 (F.T.C. Act § 5) .................................................................................................4

## Regulations

F.R.C.P. 8(a) ...................................................................................................................................7

F.R.C.P. 12(b)(6) .........................................................................3, 7, 13, 15, 16,18, 23, 24

F.R.C.P. 12(e) ...........................................................................3, 7, 8, 15, 16, 17, 18, 24

F.R.C.P. 13(a) ...................................................................................................................2, 6, 8, 10

MOTION TO DISMISS OR STAY AND FOR A MORE DEFINITE STATEMENT

**Constitutional Provisions**

Article III of the United States Constitution ............................................................23

**Treatise**

James Wm. Moore *et al.*, *Moore's Federal Practice* §13.4 (2011)........................................9, 10

MOTION TO DISMISS OR STAY AND FOR A MORE DEFINITE STATEMENT

## MEMORANDUM OF LAW

## I.  PRELIMINARY STATEMENT

The claims set forth in the instant Complaint filed by Plaintiff FULL CIRCLE UNITED,

LLC, a New York limited liability company ("Plaintiff" or "Full Circle") (the "Complaint" and

the "Full Circle Action"), are in all relevant respects *identical* to counterclaims that Full Circle

has now asserted as counterclaims in a *prior* action *previously* commenced by Defendant SKEE

BALL, INC., a Pennsylvania corporation ("Defendant" or "SBI") (the "SBI action"), in the

instant action, involving identical facts and circumstances.  *See*, Request for Judicial Notice

("RJN") and Declaration of Richard J. Idell ("Idell Dec.") filed herewith, ¶16; Exhibit "J" to

Idell Dec.  As such, the law is clear that this action must be dismissed or, alternatively, stayed

pending the resolution of the first-filed SBI Action.

Indeed, there can be no question that the commencement of this action was nothing

more than a transparent – and improper – strategic maneuver by Full Circle to transform itself

from defendant to plaintiff, and in so doing create an unnecessary second litigation.  Full Circle

commenced this action *one day prior to the day Full Circle was required to file its answer and

any compulsory counterclaims in the SBI Action that SBI had already commenced against Full

Circle in federal court in California*.  *See*, RJN and Idell Dec. ¶10; Exhibit "E" to Idell Dec.

Instead of filing an answer and counterclaims in that action (and to delay its obligation to do

so), it moved to transfer the SBI Action in California to this Court.  RJN and Idell Dec. ¶12.

Once the SBI Action was transferred to the Eastern District of New York, *Full Circle filed its

answer to the SBI Action, in which it asserted the identical claims it has asserted in this action

as counterclaims in the first-filed SBI Action*.  *See*, RJN and Idell Dec. ¶¶ 13 and 16; Exhibits

"G" and "J" to Idell Dec.  That Full Circle did so notwithstanding the existence of this action,

SBI submits, is a clear admission of the dispositive issue mandating the dismissal or stay of this

action: the claims asserted herein are compulsory counterclaims to SBI's first-filed action and therefore must be litigated in that first-filed action – not this one.

Even absent such an admission, Full Circle could not claim otherwise. In the SBI Action, filed by SBI on October 5, 2011, SBI sued Full Circle for: (i) trademark infringement of its 100 year old registered and incontestable SKEE-BALL® mark (the "Mark"); (ii) cancellation of Full Circle's registration of the mark BREWSKEE-BALL, which completely and wrongfully appropriates SBI's registered Mark, wholly incorporates it, and exploits it for its own commercial purposes; and (iii) related claims. *See*, RJN and Idell Dec. ¶8; Exhibit "D" to Idell Dec. In this action, and in its Answer and Counterclaims to the SBI Action, Full Circle claims, among other things, that its use of SBI's Mark was authorized pursuant to an alleged 2005 oral agreement (the terms of which are completely unspecified) (the "2005 Agreement") and by SBI's purported violation (again in some completely unspecified way) of a 2010 written Confidentiality Agreement (the "2010 Agreement"), pursuant to which the parties were exploring entering into a possible business relationship. *See*, Complaint ¶2; *also see*, RJN, Idell Dec. ¶¶10 and16, and Exhibits "E" and "J" to Idell Dec. Based on these claims, Full Circle seeks, among other things, cancellation of SBI's Mark, a declaration of its rights to use SBI's Mark and the mark BREWSKEE-BALL, and other relief related to the parties' actions with respect to the two marks. *See*, Complaint, RJN, Idell Dec. ¶¶10 and 16, and Exhibits "E" and "J" to Idell Dec. Given that the claims and counterclaims both address the parties' rights and actions with respect to the two marks, it is indisputable that "all of the claims for relief arise out of the same transaction or occurrence," the definition of compulsory counterclaims set forth in Federal Rule of Civil Procedure 13(a). In such situations, as set forth more fully below, the law is clear that Full Circle's filing of its own second action was improper and that the Court should apply the "first-filed rule" which, for purposes of judicial economy and to avoid strategic

maneuvers such as those employed here, grants priority to the first-filed action and requires the Court to dismiss or stay the second-filed action pending resolution of the first.

If this Court does not dismiss or stay this action, SBI seeks alternative relief.

First, SBI seeks dismissal of all claims purporting to arise under the oral "2005 Agreement" on three equally dispositive grounds: (i) Full Circle has failed to allege the material terms of the purported oral agreement; (ii) any claim of an enforceable oral agreement (assuming one had been properly alleged) is directly contradicted by the 2010 Agreement (Exhibit "A" to Complaint), which expressly requires that any agreement be in writing, and which contains an integration clause invalidating any prior oral agreement to the extent any such agreements may have existed (which SBI denies); and (iii) the general nature of the oral agreement alleged – *i.e.* that Full Circle was purportedly granted rights to use SBI's mark to establish a business to promote league play of the game SKEE-BALL in bars under the name BREWSKEE-BALL – necessarily implies the granting of a license of unlimited duration and is therefore barred by New York's statute of frauds, General Obligations Law ("GOL") 5-701(a)(1).

Second, SBI seeks dismissal pursuant to F.R.C.P. 12(b)(6) of Count IV (Breach of Contract), Count V (Breach of the Covenant of Good Faith and Fair Dealing), Count VI (Unfair Competition) and Count VII (Sherman Act Violation) on the grounds that Full Circle has completely failed to allege the requisite elements of those causes of actions, as well as any facts to support them. Alternatively, it seeks, pursuant to F.R.C.P. 12(e), to require that Full Circle provide a more definite statement for each of these claims on the grounds that Full Circle's allegations are so vague and ambiguous that SBI cannot reasonably prepare a response without prejudicing itself.

## II. RELEVANT FACTUAL AND PROCEDURAL SUMMARY

## A. **DEFENDANT SBI'S EXCLUSIVE RIGHTS**

SBI is engaged in the business of, *inter alia*, marketing, manufacturing and distributing the well-known and famous arcade game, Skee Ball (the "Game"). SBI is and has been – for over eighty years – the sole and exclusive owner, user and licensor of the registered trademark SKEE-BALL® (the "Mark"). RJN and Idell Dec. ¶4. The Mark was originally used in commerce on December 8, 1908. *Id.* The Mark was registered on the Principal Register of the United States Patent and Trademark Office ("USPTO") on May 5, 1929, under the Trademark Act of 1905. RJN and Idell Dec. ¶4; Exhibits "A" and "B" to Idell Dec. The Mark is incontestable pursuant to 15 U.S.C. § 1065 (Lanham Act § 15). RJN and Idell Dec. ¶6; Exhibit "C" to Idell Dec.

## B. **PROCEDURAL POSTURE OF CASE AND EARLIER RELATED LITIGATION**

To enforce its exclusive rights, SBI filed a complaint against Full Circle on October 5, 2011; this is the SBI Action. *See*, Doc. No. 1 in SBI Action; RJN and Idell Dec. ¶8; Exhibit "D" to Idell Dec.

On November 8, 2011, one day before Full Circle's responsive pleading was due in the SBI Action, Full Circle filed the within action ("Full Circle Action") based on substantially similar facts to those in the SBI Action. *See*, RJN and Idell Dec. ¶10; Exhibit "E" to Idell Dec.

Then, on November 9, 2011, Full Circle filed a Motion to Dismiss or Transfer the SBI Action to the Eastern District of New York. RJN and Idell Dec. ¶12. On December 22, 2011, the SBI Action was transferred to the Eastern District of New York. Doc. No. 20 in SBI Action; RJN and Idell Dec. ¶13; Exhibit "G" to Idell Dec. The SBI Action has been assigned to the Honorable Judge Nicholas Garaufis and Magistrate Judge James Orenstein, and assigned Case

No. 11-CV-6277 (NGG) (JO).[1]  RJN and Idell Dec. ¶13.

## C.  RELEVANT FACTUAL BACKGROUND

Full Circle alleges that in 2005 it met with Joseph Sladek, President and C.E.O. of SBI, and alleges that SBI "indicated that it had no objection to Full Circle executing on its plan to introduce the children's [G]ame as entertainment for adults in bars and in league play." Complaint ¶2.  Full Circle asserts that it was at this meeting that SBI told Full Circle it would "permit Full Circle to form and maintain its BREWSKEE-BALL league."  Complaint ¶42.  It is this purported "oral agreement" made in 2005 that Full Circle labels the "2005 Agreement." Complaint ¶42.

While SBI denies and disputes the allegations of the 2005 meeting, even if, *arguendo*, any oral agreement was made during the 2005 meeting ("2005 Agreement"), Full Circle has: (i) failed to allege any of its material terms as required by New York law; (ii) the express terms of the 2010 Agreement (discussed below) supersede the 2005 Agreement; and (iii) the statute of frauds bars any such oral 2005 Agreement.  New York GOL § 5-701(a)(1).

Full Circle then registered the trademark BREWSKEE-BALL on the Principal Register of the USPTO on February 26, 2008, and claimed in its registration application to have been using the mark since December of 2005.  *See*, Exhibit "F" to Complaint.

In early 2010, the parties entered into negotiations to "explore a potential joint venture or working relationship."  Complaint ¶2.  As part of those negotiations, in March of 2010, Full

---

[1] On January 3, 2012, SBI, with consent from Full Circle, submitted a letter request to the Court that the SBI Action and the Full Circle Action be deemed related. Doc. No. 25 in SBI Action; Doc. No. 4 in Full Circle Action; *see*, RJN and Idell Dec. ¶ 14; Exhibit "H" to Idell Dec. On January 9, 2012, Full Circle submitted a letter response to the Court indicating its consent and agreement that the SBI Action and the Full Circle Action are related. Doc. No. 29 in SBI Action; Doc. No. 5 in Full Circle Action; *see*, RJN and Idell Dec. ¶ 15; Exhibit "I" to Idell Dec. On January 19, 2012, SBI responded to the January 9, 2012, letter and advised the Court of the newly-filed counterclaim and this Motion.  RJN and Idell Dec. ¶ 17; Exhibit "K" to Idell Dec.  As of the date of this Motion, no order has been entered on the issue of whether the cases are related.

Circle and SBI entered into a written contract containing a confidentiality provision ("2010 Agreement"). Complaint ¶2; Exhibit "A" to Complaint. Paragraph 14 is an integration clause that indisputably states that the 2010 Agreement supersedes all oral agreements. Exhibit "A" to Complaint. Paragraph 8 requires all agreements to be in writing and clearly states that Full Circle has no rights in the Mark. *Id*.

Although negotiations continued for several months, negotiations broke down and no agreement was reached. *See*, RJN and SBI Action complaint ¶28, Exhibit "D" to Idell Dec. But, Full Circle continued to use SBI's Mark without authorization. *See*, RJN and SBI Action complaint ¶29, Exhibit "D" to Idell Dec.

Accordingly, on July 6, 2011, SBI's counsel wrote to Full Circle demanding that they cease and desist all uses of the Mark without authorization from SBI.[2] *See*, RJN and SBI Action complaint ¶30, Exhibit "D" to Idell Dec. However, to date, Full Circle continues to fail and refuse, to comply with SBI's demand that Full Circle cease use of the Mark. *See*, RJN and SBI Action complaint ¶31, Exhibit "D" to Idell Dec. Full Circle continues to knowingly and willfully use SBI's Mark without SBI's permission or authorization. *Id*.

## III. ARGUMENT

SBI moves for an Order dismissing the Complaint. All of the claims for relief arise out of the same transaction or occurrence that is the subject matter of the first-filed SBI Action, and thus are compulsory counterclaims in the SBI Action, where Full Circle has now filed a counterclaim identical to the Complaint. F.R.C.P. 13(a); *see*, RJN and Idell Dec. ¶16; Exhibit "J" to Idell Dec. In the alternative, this action should be stayed pending determination of the SBI Action.

---

[2] Prior to engaging in negotiations, SBI wrote to Full Circle demanding that they cease all uses of the Mark without authorization from SBI. However, once negotiations began, SBI agreed to forgo any enforcement during the negotiation period, which has since ended. *See*, RJN and SBI Action complaint ¶ 27, Exhibit "D" to Idell Dec.

In the event the Complaint is not dismissed, SBI moves for an Order dismissing Counts IV, V, VI and VII (Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; Unfair Competition; Sherman Act Violation) pursuant to F.R.C.P. 12(b)(6) on the grounds that Full Circle has failed to state a claim upon which relief can be granted. If those Counts are not dismissed, SBI moves for an Order requiring more definite statements of those claims pursuant to F.R.C.P. 12(e).

## A. <u>RELEVANT LEGAL STANDARDS</u>

### 1. RELEVANT LEGAL STANDARDS UNDER F.R.C.P. 12(b)(6)

A motion to dismiss under F.R.C.P. 12(b)(6) tests the legal sufficiency of the claims alleged. *Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. N.Y. 1985); *Morris v. Local 819, International Bhd. of Teamsters*, 954 F. Supp. 573, 580 (E.D.N.Y. 1997). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Hammer v. Supreme Court of U.S.*, No. 05 Civ. 4137(RJH), 2005 WL 1946038, at *1 (S.D.N.Y. Aug. 11, 2005) ("*Hammer*") (*citing Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

A complaint must make factual allegations for "all the material elements necessary to sustain recovery under some viable legal theory." *See*, Fed. R. Civ. Proc. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) ("*Twombly*") (internal citation omitted). The allegations are taken as true, but the court need not accept conclusory allegations or a formulaic recitation of the elements of a claim; rather, factual allegations must be enough to raise a right to relief above speculation. *Twombly* at 555.

Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. N.Y. 2009). While legal conclusions can provide the framework of a complaint,

they must be supported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) ("*Ashcroft*").

Courts may dismiss a claim *without* leave to amend when a plaintiff is unable to cure the defect such that amendment would be futile. *Payne v. Malemathew*, No. 09-CV-1634 (CS), 2011 WL 3043920, at *5 (S.D.N.Y. July 22, 2011) ("*Payne*") (internal citations omitted). When the problem with a claim for relief is substantive, and better pleading will not cure it, amendment is futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. N.Y. 2000) ("*Cuoco*"); *Hunt v. Alliance North Am. Gov't Income Trust, Inc.*, 159 F.3d 723, 728 (2d Cir. N.Y. 1998) ("it is proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile").

### 2. RELEVANT LEGAL STANDARD UNDER F.R.C.P. 12(e)

A motion for a more definite statement under F.R.C.P. 12(e) is permitted when a plaintiff's allegations are so vague and ambiguous that a defendant cannot reasonably prepare a response without prejudicing itself. F.R.C.P. 12(e); *also see, Kok v. First UNUM Life Ins. Co.*, 154 F. Supp. 2d 777, 781 (S.D.N.Y. 2001).

### B. THE COMPLAINT SHOULD BE DISMISSED BECAUSE FULL CIRCLE'S CLAIMS SHOULD HAVE BEEN BROUGHT AS COMPULSORY COUNTERCLAIMS IN THE FIRST-FILED SBI ACTION WHERE FULL CIRCLE HAS NOW BROUGHT A COUNTERCLAIM WITH IDENTICAL ALLEGATIONS; OR, IN THE ALTERNATIVE, THIS ACTION SHOULD BE STAYED AND FULL CIRCLE'S CLAIMS, IF PROPERLY BROUGHT AT ALL, SHOULD BE LITIGATED AS THE COUNTERCLAIM IN THE SBI ACTION

Rule 13 requires that a pleading state as a counterclaim any claim that, at the time of its service, the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction. F.R.C.P. 13(a).

"[W]hen a claim that might appear to be compulsory is brought in a second suit [while] the first action . . . is still pending . . . the federal court's power to enjoin the second federal court action and force the counterclaim to be raised as compulsory in the first action is said to be equitable." James Wm. Moore *et al.*, *Moore's Federal Practice* § 13.4 (2011).

Rule 13 "was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Constr. Co. v. United States ex rel. Pickard*, 371 U.S. 57, 60 (1962). "[T]he filing of the second action . . . contravenes the purpose of Rule 13." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. N.Y. 1991); *accord*, *J. Lyons & Co. v. Republic of Tea*, 892 F. Supp. 486, 490 (S.D.N.Y. 1995) ("*J. Lyons*") (filing of compulsory counterclaim [before judgment] in separate action contravenes purpose of Rule 13 by creating multiplicity of actions, wasting judicial resources and burdening litigation process).

Additionally, the first-filed rule provides that where an action is brought in one federal district court and a later action embracing the same parties and issues is brought in another federal court, the first court has priority over the court in the second filed action, unless there are special circumstances which justify giving priority to the second. *Federal Ins. Co. v. May Dep't Stores Co.*, 808 F. Supp. 347, 350 (S.D.N.Y. 1992); *Citibank, N.A. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172, 175 (E.D.N.Y. 2003). The first-filed rule serves the purposes of promoting efficiency and should not be disregarded lightly. *800-Flowers, Inc. v. Intercontinental Florist*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994) (*citing Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991) (*quoting Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)); *see also, First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989).

SBI filed the SBI Action on October 5, 2011. Doc. No. 1 in SBI Action; RJN and Idell Dec. ¶8. The SBI Action was served on Full Circle on October 19, 2011. Idell Dec. ¶9. Full

Circle was well-aware of the SBI Action when, on November 8, 2011, Full Circle filed the within action (the second-filed action) based on facts substantially related to those in the SBI Action, but filed in a completely different court. *See*, RJN and Idell Dec. ¶10. Full Circle knew then, and knows now, that its claims would be deemed compulsory counterclaims. *See*, Idell Dec. ¶11; Exhibit "F" to Idell Dec. Indeed, Full Circle *has* now filed a counterclaim in the SBI Action that is <u>identical</u> to the Complaint, except for the venue allegation. *See*, RJN and Idell Dec. ¶16; Exhibit "J" to Idell Dec. There was no good reason for Full Circle to file a second lawsuit, creating additional procedural efforts, additional attorneys' fees and costs, multiplicity of actions, and unnecessary use of judicial resources. *See*, *J. Lyons* at 490.

Although the SBI Action was transferred to the Eastern District of New York, the SBI Action remains the first-filed action – it was filed one month before the within action. The within action (1) arises out of the same transaction or occurrence that is the subject matter of the SBI Action; and (2) Full Circle has now brought identical claims as compulsory counterclaims in the first-filed SBI Action; no other party has been or need be added. *See*, F.R.C.P. 13(a).

Therefore, based on a plain reading of F.R.C.P. 13(a), to avoid a duplicity of actions, the Court should exercise its equitable power, dismiss this action, and require Full Circle to proceed with its claims, if any, as compulsory counterclaims in the SBI Action where they are now filed. James Wm. Moore *et al.*, *Moore's Federal Practice* ¶13.4 (2011).[3] Two actions are unnecessary.

The Court should dismiss the Complaint on the grounds that all of the claims for relief alleged in Full Circle's Complaint should have properly been brought as compulsory counterclaims in the first-filed SBI Action (and, in fact, they now have been). Alternatively, the Court should stay the within action until the SBI Action is resolved. *Adam v. Jacobs*, 950 F.2d

---

[3] It is anticipated that Plaintiff will argue that dismissal or stay of this action is not necessary if the cases are deemed related and are "consolidated" before the same Judge. However, this procedural issue will be important going forward when it is necessary to determine such issues as which party goes first at trial, etc.

89, 93 (2d Cir. N.Y. 1991) ("Ideally, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceeding") (internal citation omitted).

## C. <u>COUNT IV (BREACH OF CONTRACT)</u>

### 1. **TO THE EXTENT THAT IT ALLEGES BREACH OF THE PURPORTED ORAL 2005 AGREEMENT, COUNT IV (BREACH OF CONTRACT) SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

#### a. <u>Full Circle Fails To Plead The Material Terms Of the Alleged Oral 2005 Agreement</u>

It is well established under New York law that: "[t]o create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to <u>all material terms</u>." *FCOF UB Sec. LLC v. MorEquity, Inc., 663 F. Supp.* 2d 224, 227-28 (S.D.N.Y. 2009); *Express Indus. & Terminal Corp. v. New York State Dept. of Transp.,* 93 N.Y.2d 584, 589, 715 N.E.2d 1050, 1052-53 (1999) (emphasis added).

Full Circle alleges that in 2005, it met with Joseph W. Sladek of SBI and that Mr. Sladek "indicated that [SBI] had no objection to Full Circle executing on its plan to introduce the children's [G]ame as entertainment for adults in bars and in league play." Complaint ¶2. They allege that SBI told Full Circle it would "permit Full Circle to form and maintain its BREWSKEE-BALL league." Complaint ¶42. Also, the Complaint alleges that a principal of SBI purportedly "agreed with their pursuing their Brewskee-Ball league and wished them luck." Complaint, ¶12. This, Full Circle contends, constitutes an agreement – the oral 2005 Agreement – that it could form and maintain a Brewskee-Ball league and obtain trademark protection for a mark incorporating SBI's Mark. Complaint, ¶¶12, 13.

However, Full Circle alleges no material terms whatsoever of the claimed oral 2005 Agreement. The material terms of a valid license agreement, typically, at a minimum, would

include a term, renewal or options for longer term, scope, price, quality control, and territory. Given that <u>none</u> of those terms alleged, nor do they exist, the claimed oral 2005 Agreement is simply unenforceable.

> b. <u>The Allegations Pertaining To the Oral 2005 Agreement Directly Contradict The Terms of the 2010 Written Agreement</u>

It is also well established that "[a]t the motion to dismiss stage, where a plaintiff's factual allegations or legal conclusions are flatly contradicted by documentary evidence, they are not presumed to be true, or even accorded favorable inference[,]" in the context of a breach of contract action. *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, 244 F.R.D. 204, 213-14 (S.D.N.Y. 2007) ("*Automobili*"). Full Circle's claim that there is an enforceable (albeit unspecified) oral 2005 Agreement are flatly contradicted by the express terms of the 2010 Agreement (Exhibit "A" to Complaint). First, Paragraph 8 of the 2010 Agreement states:

> . . . Recipient [a term which applies to both parties] agrees that no license under any patent, copyright, trade secret or other Intellectual property right is granted to or conferred upon Recipient in this Agreement or by the disclosure of any information or materials as contemplated hereunder, and that any such license must be **express and in writing**. Neither Party shall acquire the right to use, nor shall either Party use, the . . . trademarks or service marks of the other Party . . . (emphasis added)

*See*, Exhibit "A" to Complaint, Paragraph 8.

Second, Paragraph 14 of the 2010 Agreement provides that it is the "entire agreement of the Parties… and supersedes all prior and contemporaneous **oral** and written agreements …" *See*, Exhibit "A" to Complaint, Paragraph 14 (emphasis added).

These provisions make clear the parties' understanding that neither party had the right to use the other parties' marks (and thus there could be no prior agreement so permitting). Moreover, even if there had been a prior agreement (which there was not) as of the date of the 2010 Agreement, it was superseded and Full Circle cannot claim to have any rights whatsoever

with respect to SBI's Mark.  *See*, *Automobili* at 218, in which the Court dismissed a contract claim conferring exclusive rights as a car dealership based upon an alleged oral agreement made at the time the business was launched which pre-dated a written agreement with an integration clause that made no mention of exclusivity.

The written 2010 Agreement – obviously a later expression than the oral 2005 Agreement of the parties' relationship – clearly requires that any agreement be in writing.  Thus, there is no valid oral 2005 Agreement.

### c. The Purported 2005 Agreement Violates The Statute of Frauds

New York's statute of frauds voids any oral agreement which "[b]y its terms is not to be performed within one year from the making thereof …" N.Y. GOL § 5-701.

Here, Full Circle's claims are necessarily premised on a claim that the purported oral 2005 Agreement gave it rights to use SBI's Mark for as long as it wanted to do so.  The Second Circuit has made clear that where, as here, the alleged oral agreement "does not specify a duration, and contains no provision under which either party might rightfully terminate it within the year of its making, it comes within the ambit of the Statute of Frauds" and any claims for its breach must be dismissed.  *Automobili* at 217-218; *Burke v. Bevona*, 866 F.2d 532, 537 (2d Cir. 1989).

Because any claim of breach of the alleged oral 2005 Agreement is barred, Full Circle cannot cure the defect and amendment would be futile.  To the extent Count IV of Full Circle's Complaint (Breach of Contract) relies on the oral 2005 Agreement, the Court should dismiss the claim pursuant to F.R.C.P. 12(b)(6) without leave to amend.  *See*, *Payne* at *5; *also see*, *Cuoco* at 112.

### 2. COUNT IV (BREACH OF CONTRACT) SHOULD BE DISMISSED IN ITS ENTIRETY PURSUANT TO F.R.C.P. 12(b)(6) BECAUSE FULL CIRCLE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN

**BE GRANTED**

To state a claim for breach of contract a complaint must allege: (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of contract by the defendant; and (4) damages. *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. N.Y. 1996).

As set forth above, any allegations relying upon the purported oral 2005 Agreement are wholly barred.

As part of the parties' 2010/2011 negotiations, in March of 2010, Full Circle and SBI entered into a written confidentiality agreement, *i.e.*, the "2010 Agreement." *See*, Complaint ¶2; Exhibit "A" to Complaint.

The purported "breach" of the 2010 Agreement by SBI is SBI's filing of the SBI Action – *i.e.*, when SBI "decided to pursue trademark infringement against Full Circle." *See*, Complaint ¶¶2 and 45. However, SBI's act of filing the Complaint is protected by New York's litigation privilege. *See, e.g., Aequitron Med. v. Dyro,* 999 F. Supp. 294, 297-298 (E.D.N.Y. 1998); *Herzfeld & Stern v. Beck*, 572 N.Y.S.2d 683, 685 (N.Y. App. Div. 1st Dep't 1991).

Full Circle also alleges that SBI breached the agreement "in order to eliminate Full Circle from business and pursue Full Circle's business plans alone to keep the profits exclusively for itself." Complaint ¶¶2 and 45. However, Full Circle has not alleged "what" confidential or propriety information SBI purportedly used or disclosed, "how" SBI has allegedly taken or used that information, "where" or "when" this occurred, and "to whom" it was allegedly disclosed.

Even taking Full Circle's bare and conclusory allegations as true, Full Circle has not, and cannot, allege what actions SBI has taken that constitute a breach of any contract between Full Circle and SBI – either oral or written. *See*, *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. N.Y. 1996). They have not alleged any facts regarding what acts of SBI (other than filing

the SBI Action) constitute a breach of the 2005 and/or 2010 Agreements. There are no facts alleged that support a claim for breach of the 2005 or 2010 Agreements, as no such facts exist, and the Court need not accept Full Circle's conclusory allegations. *Twombly* at 555.

Dismissal may be based on lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Hammer* at *1. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Full Circle has pled <u>no</u> factual allegations that plausibly give rise to entitlement to relief. *See, Ashcroft* at 1950. Count IV should be dismissed without leave to amend pursuant to F.R.C.P. 12(b)(6). In the alternative, Full Circle should be ordered to provide a more definite statement of this claim; *see*, Section (3) below.

**3. IF THE COURT DOES NOT DISMISS COUNT IV (BREACH OF CONTRACT), FULL CIRCLE SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIM PURSUANT TO F.R.C.P. 12(e)**

If the Court does not dismiss Count IV (Breach of Contract), Full Circle should be ordered to provide a more definite statement of its claim pursuant to F.R.C.P. 12(e). Any amended complaint by Full Circle should specifically identify what information SBI has allegedly used or disclosed and should describe those actions taken by SBI – other than filing the SBI Action – which support its allegations that SBI has breached the 2005 Agreement and/or the 2010 Agreement.

**D. <u>COUNT V (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)</u>**

**1. COUNT V (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING) SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(6) BECAUSE FULL CIRCLE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Count V of the Complaint alleges that the 2005 and 2010 Agreements "included an

implied covenant of good faith and fair dealing." Complaint ¶49. Full Circle then alleges, with only conclusory allegations, that "SBI failed to deal fairly and in good faith with Full Circle with respect to the" 2005 and 2010 Agreements, "and by SBI's acts and omissions described above" SBI has breached the covenant of good faith and fair dealing. Complaint ¶¶50, 51.

Full Circle's claim for breach of the covenant of good faith and fair dealing is wholly dependent upon the effectiveness of its claim for breach of contract. *Harris v. Provident Life and Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002) (holding that New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based on the same facts, is also pled). "If the allegations underlying the breach of the implied covenant of good faith claim and the breach of contract claim are the same, then the good faith claim is 'redundant' and cannot survive a motion to dismiss. *Simon v. Unum Group*, No. 07 Civ. 11426, 2008 WL 2477471, at *3 (S.D.N.Y. June 19, 2008).

Full Circle's claim for breach of the covenant of good faith and fair dealing only survives if its breach of contract claim survives. Full Circle has pled no factual allegations that plausibly give rise to an entitlement to relief. *See*, *Ashcroft* at 1950. Count V should be dismissed without leave to amend, pursuant to F.R.C.P. 12(b)(6). Alternatively, Full Circle should be ordered to provide a more definite statement of this claim for relief; *see*, Section (2) below.

**2. IF THE COURT DOES NOT DISMISS COUNT V (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING), FULL CIRCLE SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIMS PURSUANT TO F.R.C.P. 12(e)**

If the Court does not dismiss Count V (Breach of the Covenant of Good Faith and Fair Dealing), Full Circle should be ordered to provide a more definite statement of its claim

pursuant to F.R.C.P. 12(e). Any amended complaint by Full Circle should specifically identify what information SBI has allegedly used or disclosed and should describe those actions taken by SBI – other than filing the SBI Action – which support its allegations that SBI has breached the covenant of good faith and fair dealing.

### E. **COUNT VI (UNFAIR COMPETITION)**

### 1. **COUNT VI (UNFAIR COMPETITION) SHOULD BE DISMISSED BECAUSE FULL CIRCLE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The Federal Trade Commission Act (15 U.S.C. §§ 41 - 58) governs federal unfair competition law.  15 U.S.C. § 45 (F.T.C. Act § 5).  However, the F.T.C. Act does <u>not</u> create a private right of action for damages. *Washington v. United States Tennis Ass'n*, 290 F. Supp. 2d 323, 329 (E.D.N.Y. 2003) (citing *Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978)).  Moreover, there is no federal common law of unfair competition; a claim for relief must rest on a federal statute which defines and provides relief for this type of tort.  *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 67 F. Supp. 2d 189, 215 (S.D.N.Y. 1999) (internal citations omitted).

Full Circle has not alleged that SBI has violated any federal or state laws of unfair competition; it has not referenced any basis in law on which a claim for unfair competition might proceed.  SBI does not know the grounds for this claim for relief.

Count VI should be dismissed.  Alternatively, Full Circle should be ordered to provide a more definite statement; *see*, Section (2) below.

### 2. **IF THE COURT DOES NOT DISMISS COUNT VI (UNFAIR COMPETITION), FULL CIRCLE SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIMS PURSUANT TO F.R.C.P. 12(e)**

If the Court does not dismiss Count VI (Unfair Competition), Full Circle should be

ordered to provide a more definite statement of its claim pursuant to F.R.C.P. 12(e). Any amended complaint by Full Circle should specifically identify which statutory or common law Full Circle alleges that SBI has allegedly violated.

### F. COUNT VII (SHERMAN ACT VIOLATION)

    **1. COUNT VII (SHERMAN ACT VIOLATION) SHOULD BE DISMISSED PURSUANT TO F.R.C.P. 12(b)(6) WITHOUT LEAVE TO AMEND, BECAUSE FULL CIRCLE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

To state a claim for monopolization under Section 2 of the Sherman Act ("Section 2") (15 U.S.C. § 2), Full Circle must allege facts to support a claim that: (1) SBI had monopoly power in the relevant market; (2) SBI engaged in anticompetitive conduct; and (3) Full Circle's injury was, in fact, caused by SBI's violation of the antitrust laws. *Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 141 (E.D.N.Y. 2010) ("*Newsday*") (*citing Irvin Industries, Inc. v. Goodyear Aerospace Corp.*, 974 F.2d 241, 244 (2d Cir. N.Y. 1992)).

Full Circle's antitrust claim fails because Full Circle fails to: (1) define the relevant market; (2) fails to adequately allege SBI's purported market power; (3) fails to allege any anticompetitive conduct; and (4) fails to allege antitrust injury – and, in fact, *cannot* do so.

    a. <u>Full Circle Fails to Define the Relevant Market</u>

Full Circle must allege the existence of, <u>*and*</u> adequately define the relevant market. *Newsday* at 142. "Critical to the determination of whether a plaintiff states a Section 2 claim of monopolization . . . is whether there is a proper pleading of monopoly power and relevant market." *All Star Carts & Vehicles, Inc. v. BFI Can. Income Fund*, 596 F. Supp. 2d 630, 641 (E.D.N.Y. 2009).

A claim under Section 2 must allege a relevant product and geographic market in which trade was unreasonably restrained or monopolized. *Xerox Corp. v. Media Scis. Int'l, Inc.*, 511 F.

Supp. 2d 372, 383 (S.D.N.Y. 2007); *E&L Consulting, Ltd. v. Doman Indus.*, 360 F. Supp. 2d 465, 471 (E.D.N.Y. 2005) ("*E&L Consulting*").

With respect to product market, "if a complaint fails to allege facts regarding substitute products, to distinguish among apparently comparable products, or to allege other pertinent facts relating to cross-elasticity of demand . . . a court may grant a Rule 12(b)(6) motion." *E&L Consulting* at 472 (internal citation omitted); *see also*, *Chapman v. N.Y. Div. for Youth*, 546 F.3d 230, 237 (2d Cir. 2008); *Todd v. Exxon Corp.*, 275 F.3d 191, 200 (2d Cir. 2001). The geographic market is the geographic area where the competition occurs. *E&L Consulting* at 471.

Full Circle fails to adequately allege a relevant market. *Newsday* at 142-143 (citing *Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 238 (2d Cir. N.Y. 2008) (granting motion to dismiss antitrust claims due to insufficient allegations of market definition when plaintiff made no effort to explain the alleged market with reference to the interchangeability of the product); *Arnold Chevrolet LLC v. Tribune Co.*, 418 F. Supp. 2d 172, 187 (E.D.N.Y. 2006) (dismissing antitrust claims; plaintiffs made no effort to define the market); *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, No. 04 Civ. 9578, 2006 WL 2266351, at *6 (S.D.N.Y. Aug. 7, 2006) (dismissing Section 2 Sherman Act claim because "complaint refers merely to 'fiber optic bandwidth,' without any explanation of what this market consists of, its geographic scope, or whether its constituent elements are interchangeable so as to qualify as a market under the antitrust laws"); *Commercial Data Servers, Inc. v. Int'l Business Machines Corp.*, 166 F. Supp. 2d 891, 896-98 (S.D.N.Y. 2001) (granting motion to dismiss where plaintiff failed to adequately allege relevant market).

Full Circle simply uses the conclusory labels "relevant market" and "skee-ball game market." Complaint ¶58. Full Circle cannot avoid pleading the relevant market. *Newsday* at

142.  Even if, *arguendo*, Full Circle was attempting to allege that the relevant market is "the skee-ball game market," this definition "clearly does not encompass all interchangeable substitute products."  *Newsday* at 142.  Instead, this definition improperly attempts to limit a product market to a single brand.  *See*, *Newsday* at 142.

Full Circle makes no effort to explain the alleged market with reference to the interchangeabilty of the product at issue – *i.e.*, "skee-ball games."  An antitrust complaint must explain why the market it alleges is the relevant, economically significant product market.  *B.V. Optische Industrie De Oude Delft v. Hologic, Inc.*, 909 F. Supp. 162, 172 (S.D.N.Y. 1995) (granting a motion to dismiss for failure to define a relevant market).  Full Circle also makes no effort to define the geographic market.

Full Circle fails to define a relevant product and geographic market and therefore Full Circle's antitrust allegations are insufficient.  *See, Newsday* at 143; *also see*, *E&L Consulting* at 472.  Also, no such "relevant market" *can* be defined, as attempts to limit a product market to a single brand are prohibited in all but the most unique cases.  *See*, *Newsday* at 142.  Because no relevant market can be identified, this claim for relief is substantively flawed and amendment would be futile.  *See, Cuoco* at 112.

### b.  Full Circle Fails to Plead the Existence of SBI's Monopoly Power

Sufficient facts must be alleged to establish that monopoly power exists.  *Hayden Pub. Co. v. Cox Broadcasting Corp.*, 730 F.2d 64, 68 (2d Cir. N.Y. 1984) ("*Hayden*") (*citing United States v. E.I. du Pont de Nemours & Co.*, 351 U.S. 377, 389 (1956)); *also, e.g., Broadway Delivery Corp. v. United Parcel Service, Inc.*, 651 F.2d 122, 128 (2d Cir. N.Y. 1981).  Following the Supreme Court's decision in *United States v. Columbia Steel Co.*, 334 U.S. 495, 527 (1948), the Second Circuit Court held that the strength of competition, the probable development of the industry, and consumer demand, as well as the percentage of market share

enjoyed by the alleged monopolist, are among the elements pertinent to the determination of monopoly power in a Section 2 claim. *Hayden* at 68-69.

Full Circle has alleged <u>none</u> of these elements and thus has not even attempted to describe SBI's purported "monopoly power." Instead, Full Circle, in solely conclusory terms, alleges that SBI has "effectively obtained possession of monopoly power in the relevant market regarding use of the term 'skee-ball' to describe skee-ball games, as well as obtained market power in the skee-ball game market." Complaint ¶58.

In *Newsday*, the Eastern District of New York held that the plaintiff's monopolization claim "must fail because plaintiff has failed to allege that the defendant has monopoly power in anything but a conclusory fashion." *Newsday* at 143, n. 15 (*citing Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F. Supp. 832, 837-38 (S.D.N.Y. 1988) (holding that conclusory allegation that party "monopolized and continued to monopolize" the relevant market, without allegations of market share, was insufficient to survive motion to dismiss)).

Here, like in *Newsday*, Full Circle fails to allege that SBI has monopoly power in anything but a conclusory fashion. This is wholly insufficient and, as in *Newsday*, Full Circle's antitrust allegations are insufficient to survive a motion to dismiss.

c. Full Circle Fails to Plead SBI's Alleged Anticompetitive Conduct

Both the possession of monopoly power *and* its willful misuse are necessary to sustain a charge of illegal monopolization under Section 2. *United States v. Grinnell Corp.*, 384 U.S. 563, 570-571 (1966); *Yankees Entm't & Sports Network, LLC v. Cablevision Sys. Corp.*, 224 F. Supp. 2d 657, 666 (S.D.N.Y. 2002).

Here, Full Circle alleges only in conclusory terms that SBI engaged in the following acts of anticompetitive conduct: (1) "unlawfully assert[ed] a monopoly over the term 'skee-ball' to describe skee-ball games (Complaint ¶57); (2) "threaten[ed] and [brought] unlawful legal action

against Full Circle with respect to same" (Complaint ¶57); (3) "attempt[ed] to drive Full Circle out of business" so that SBI "may engage without competition from Full Circle in the same business or enter into agreements with others to engage in the businesses that Full Circle now practices or plans to practice" (Complaint ¶59); and (4) "not consistently taken action to enforce any rights in the term 'skee-ball' as a trademark," and "selectively assert[ed] the [M]ark against Full Circle" (Complaint ¶60).

These allegations are conclusory statements without any factual support. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft* at 1950. The allegations regarding SBI's purported plan to drive Full Circle out of business and its "selective" enforcement of the Mark are false, utterly implausible, and without <u>any</u> factual support, and, indeed, there are <u>no</u> facts, not one, to support this allegation. Full Circle failed to plead, and cannot plead, that SBI has engaged in any activities of "monopolization" forbidden by 15 U.S.C. § 2.

### d. Full Circle Fails to Plead Antitrust Injury

The right to bring a treble damages action for violation of the Sherman Act arises under § 4 of the Clayton Act, which provides, "any person who shall be injured in his business or property by reason of any thing forbidden in the antitrust laws . . . shall recover threefold the damages by him sustained . . ." 15 U.S.C. § 15(a); *also see, Xerox Corp. v. Media Scis. Int'l, Inc.*, 511 F. Supp. 2d 372, 380 (S.D.N.Y. 2007) ("Private plaintiffs seeking to enforce Section 2 . . . must satisfy the standing requirement of Sections 4 and 16 of the Clayton Act") (internal citations omitted). Facts demonstrating standing must be clearly alleged. *See, Access 4 All, Inc. v. Wellington Hotel Co.*, No. 03 Civ. 5027, 2005 WL 3211598, at *1 (S.D.N.Y. July 12, 2005) (standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear on the record) (internal citation omitted). To sufficiently allege antitrust

standing,[4] a complaint must contain more than conclusory allegations. *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 544 (S.D.N.Y. 2009) ("conclusory allegations do not plead an antitrust injury"); *Maddaloni Jewelers, Inc. v. Rolex Watch U.S.A., Inc.*, 354 F. Supp. 2d 293, 307 (S.D.N.Y. 2004) ("[w]hile exactitude is not required, sweeping, conclusory statements cannot suffice as evidence of antitrust injury").

To recover under the Sherman Act, a plaintiff is required to establish causal antitrust injury. To assert antitrust injury, a plaintiff "must show an injury to them[selves] resulting from the illegal conduct." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also, Billy Baxter, Inc. v. Coca-Cola Co.*, 431 F.2d 183, 187 (2d Cir. N.Y. 1970), *cert. denied*, 401 U.S. 923, 91 S. Ct. 877, 27 L. Ed. 2d 826 (1971) (stating "a plaintiff must allege a causative link to his injury which is 'direct' rather than 'incidental' or which indicates that his business or property was in the 'target area' of the defendant's illegal act . . . These terms do not provide talismanic guides to decision, but they do indicate *the need to examine the form of violation alleged and the nature of its effect on a plaintiff's own business activities*."); *see also, GAF Corp. v. Circle Floor Co.*, 463 F.2d 752, 759 (2d Cir. 1972) (stating "only a person whose competitive business position was harmed by the *anticompetitive* effects of the alleged restraint of trade can maintain a treble damage action").

An antitrust plaintiff must put forth factual allegations plausibly suggesting antitrust injury, and thus, standing. *E&L Consulting* at 476 ("the conclusory and, at times, implausible nature of plaintiffs['] allegations fail to establish any antitrust injury and are not sufficient to

---

[4] SBI is not challenging Full Circle's constitutional standing to bring suit pursuant to Article III of the United States Constitution. Rather, Full Circle lacks statutory standing. In order to pursue a claim under the Sherman Act, Full Circle must have *both* constitutional *and* statutory standing. Because SBI challenges Full Circle's *statutory* standing, this challenge is properly brought in this Rule 12(b)(6) Motion. *See, Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 129 (2d Cir. N.Y. 2003), *aff'd in part, vacated in part,* 459 F.3d 273, 296 (2d Cir. N.Y. 2006), *cert. denied,* 540 U.S. 1012 (2003); *Associated General Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 535 (1983).

make out a claim under the antitrust laws, even at this early stage of the litigation").

Full Circle has failed to plausibly allege antitrust injury. Full Circle makes the bald, unsupported assertion that "Full Circle has been damaged by SBI's unlawful, monopolistic acts." Complaint ¶61. This is a conclusory allegation of antitrust injury that fails the pleading standard. *See, E&L Consulting* at 476. Full Circle fails to plead facts showing that its alleged injury was caused by the antitrust violation, and thus fails to plead antitrust standing.

    e.   <u>Full Circle Fails to Plead Violation of §2 of the Sherman Act and Cannot Cure Its Pleading Defects</u>

In sum, because Full Circle fails to define the relevant market, fails to adequately allege SBI's purported monopoly power, fails to allege anticompetitive behavior, <u>and</u> fails to allege antitrust injury, Full Circle's claim under the Sherman Act should be dismissed pursuant to F.R.C.P. 12(b)(6) without leave to amend. *See, Newsday* at 141. An antitrust complaint is insufficient if, such as here, it simply contains conclusory allegations that merely recite the litany of antitrust. *Sage Realty Corp. v. ISS Cleaning Servs. Group*, 936 F. Supp. 130, 135 (S.D.N.Y. 1996).

The issues with this claim for relief are substantive and there are no facts or evidence that would cure this claim. As such, amendment would be futile. *See, Cuoco* at 112.

**2.  IF THE COURT DOES NOT DISMISS COUNT VII (SHERMAN ACT VIOLATION), FULL CIRCLE SHOULD BE ORDERED TO PROVIDE A MORE DEFINITE STATEMENT OF ITS CLAIMS PURSUANT TO F.R.C.P. 12(e)**

If the Court does not dismiss Count VII (Sherman Act Violation), Full Circle should be ordered to provide a more definite statement of its claim pursuant to F.R.C.P. 12(e); any amended complaint should specifically meet the strict pleading requirements.

**V.  <u>CONCLUSION</u>**

The allegations of the Complaint (or at least any that can legally survive) should be

prosecuted as compulsory counterclaims in the SBI Action, particularly where Full Circle has now filed an identical counterclaim. If the entire Complaint is not dismissed or stayed, Counts IV, V, VI and VII (Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; Unfair Competition; Sherman Act Violation) should be dismissed without leave to amend. These claims for relief are not supported by factual allegations, and those allegations that Full Circle has asserted do not plausibly give rise to an entitlement for relief. *Ashcroft* at 1950.

To the extent that Counts IV and V of Full Circle's Complaint (Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing) refer to any purported breach of the *oral* 2005 Agreement, these claims for relief should be dismissed without leave to amend, as they are wholly barred. As such, amendment would be futile. *See, Cuoco* at 112.

If Counts IV, V, VI and VII (Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; Unfair Competition; Sherman Act Violation) are not dismissed in their entirety, the Court should enter an Order requiring a more definite statement as to those claims.

For the foregoing reasons, SBI respectfully requests that the Court grant this Motion.

Dated: January 20, 2012                     KRAUSS PLLC

                                  By:    _____/s/_____
                                         Geri S. Krauss
                                         *Attorneys for Defendant Skee Ball, Inc., a*
                                         *Pennsylvania corporation*
                                         1 N. Broadway, Suite 1001
                                         White Plains, New York 10601-2310
                                         Telephone: (914) 949-9100
                                         Facsimile: (914) 949-9109

                                         RICHARD J. IDELL (*pro hac vice* to be filed)
                                         IDELL & SEITEL LLP
                                         Merchants Exchange Building
                                         465 California Street, Suite 300
                                         San Francisco, California 94104
                                         Telephone: (415) 986-2400
                                         Facsimile: (415) 392-9259