## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC, a New York limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>SKEE BALL, INC., a Pennsylvania corporation,<br><br>    Defendant.<br><br>SKEE BALL, INC., a Pennsylvania corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>FULL CIRCLE UNITED, LLC, a New York limited liability company,<br><br>    Defendant. | Case No.:  CV11-5476 (DLI) (LB)<br><br><u>Consolidated with</u>:<br><br>Case No. 11-CV-6277 (DLI) (LB)<br><br>**NOTICE OF RE-FILING OF SKEE BALL, INC.'S REPLY DECLARATION OF RICHARD J. IDELL IN SUPPORT OF MOTION TO DISMISS OR STAY AND FOR A MORE DEFINITE STATEMENT, DOCUMENT NO. 17, PER OCTOBER 23, 2013 COURT ORDER OF HON. MAGISTRATE JUDGE LOIS BLOOM**<br><br>Honorable Judge Dora L. Irizarry, Presiding<br><br>Magistrate Judge Lois Bloom<br><br>Complaint in lead case filed: November 8, 2011<br><br>Complaint in consolidated case filed: October 5, 2011 (USDC, Northern District California)<br><br>Consolidated case transferred to EDNY: December 23, 2011<br><br>Counterclaim filed: January 27, 2012<br><br>(E-Filing) |

## **NOTICE**

TO: THE HONORABLE JUDGE DORA L. IRIZARRY, THE HONORABLE JUDGE LOIS BLOOM, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the October 23, 2013 Order of the Hon. Magistrate Judge Lois Bloom, SKEE BALL, INC. ("SBI"), the defendant in Case No. CV11-5476 (DLI) (LB), hereby re-files its Reply Declaration of Richard J. Idell in support of its

Motion to Dismiss or Stay and For a More Definite Statement, previously filed on February 10, 2012 as Document No. 17, which is attached hereto as Exhibit "A".

|  |  |  |
|---|---|---|
|  |  | KRAUSS PLLC |
| Dated: November 1, 2013 | By: | /s/_____ |
|  |  | Geri S. Krauss |
|  |  | 1 N. Broadway, Suite 1001 |
|  |  | White Plains, New York 10601-2310 |
|  |  | Telephone: (914) 949-9100 |
|  |  | Facsimile: (914) 949-9109 |

                                                 RICHARD J. IDELL (*pro hac vice*)
                                                 IDELL & SEITEL LLP
                                                 Merchants Exchange Building
                                                 465 California Street, Suite 300
                                                 San Francisco, California 94104
                                                 Telephone: (415) 986-2400
                                                 Facsimile: (415) 392-9259
                                                 *Attorneys for Skee Ball, Inc., a Pennsylvania corporation*

# **Exhibit "A"**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC, a New York limited liability company;<br><br>        Plaintiff,<br>v.<br><br>SKEE BALL, INC., a Pennsylvania corporation,<br><br>        Defendant. | Case No.: CV11-5476 (DLI) (LB)<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Documents Filed Herewith:** Reply Memorandum of Law in Further Support of Motion to Dismiss<br><br>Honorable Judge Dora L. Irizarry, Presiding<br>Magistrate Judge Lois Bloom<br><br>Complaint filed: November 8, 2011<br><br>**Date of Service: February 10, 2012**<br><br>(E-Filing) |

**REPLY DECLARATION OF RICHARD J. IDELL IN FURTHER SUPPORT OF MOTION TO DISMISS OR STAY, AND FOR A MORE DEFINITE STATEMENT**

GERI S. KRAUSS
KRAUSS PLLC
1 N. Broadway, Suite 1001
White Plains, New York 10601-2310
Telephone: (914) 949-9100
Facsimile: (914) 949-9109

RICHARD J. IDELL (*pro hac vice* pending)
IDELL & SEITEL LLP
Merchants Exchange Building
465 California Street, Suite 300
San Francisco, California 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

*Attorneys for Defendant Skee Ball, Inc.,
a Pennsylvania corporation*

I, Richard J. Idell, do state as follows under the penalty of perjury:

1. I am a partner in the law firm of Idell & Seitel, LLP and am an attorney at law licensed to practice before all of the courts of the State of California. I am an attorney for Defendant SKEE BALL, INC., a Pennsylvania corporation ("SBI").

2. I make this Declaration pursuant to 28 U.S.C. § 1746.

3. I am familiar with all of the records and files in this action and the underlying facts supporting SBI's Motion to Dismiss or Stay, and For a More Definite Statement. All of the matters set forth herein are stated of my own personal knowledge or based on my review of the records and files in this action. If sworn as a witness I could and would testify competently to the matters set forth herein.

4. Exhibit "A" to the Complaint in the above-captioned action is a copy of the Confidentiality Agreement entered into between SBI and Plaintiff FULL CIRCLE UNITED, LLC, a New York limited liability company ("Full Circle") on March 9, 2010 (the "2010 Agreement").

5. I have reviewed the 2010 Agreement and reproduce the relevant portions herein exactly as they appear in the 2010 Agreement. This reproduction is provided to the Court because the Exhibit "A" to the Complaint is so hard to read.

6. In the 2010 Agreement, Defendant Skee Ball, Inc. is referred to as "SB." Plaintiff Full Circle United, LLC is referred to as "the Company." SB and the Company are referred to in the 2010 Agreement as the "Parties" and each a "Party."

7. Paragraph 1 of the 2010 Agreement states:

> SB and the Company are engaged in discussions relating to a proposed or current business relationship. During such discussions, SB and the Company may disclose to each other certain confidential trade and business information, and/or materials which

the disclosing party ("Disclosing Party") considers proprietary. Neither Party is obligated by this Agreement to enter into any agreement or other arrangement with the other Party concerning the possible business relationship or otherwise.

8. Paragraph 8 of the 2010 Agreement states:

As between the Parties, all right, title and interest in and to the Confidential Information will remain with the Disclosing Party. Recipient agrees that no license under any patent, copyright, trade secret or other intellectual property right is granted to or conferred upon Recipient in this Agreement or by the disclosure of any information or materials as contemplated hereunder, and that any such license must be express and in writing. Neither Party shall acquire the right to use, nor shall either Party use, the names, characters, artwork, titles, designs, trade names, copyrighted materials, trademarks or service marks of the other Party, its related or subsidiary companies, or their respective employees, directors, shareholders, assigns, divisions successors or licensees in any advertising, publicity or promotion, or to express or to imply any endorsement by Disclosing Party of Recipient's products or services.

9. Paragraph 12 of the 2010 Agreement states:

Nothing contained in this Agreement shall limit the terms and conditions of any other nondisclosure, confidentiality or other agreement by and between the Parties.

10. Paragraph 14 of the 2010 Agreement states:

Neither Party may assign or delegate this Agreement (except to a parent, division, subsidiary or affiliated entity) without the prior written consent of the other Party. This Agreement is binding upon and inures to the benefit of the Parties hereto, and their affiliate and parent companies, divisions, successors and assigns. The failure of any Party to enforce any of the provisions of this Agreement shall not be construed to be a waiver of the right of such Party to enforce such provisions thereafter. This Agreement contains the entire agreement of the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements, negotiations, understandings and communications regarding such subject matter. The Parties agree that no joint venture, partnership or other fiduciary relationship shall be deemed to exist or arise between them with respect to this Agreement or any possible business

relationship. Each Party is an independent contractor and is not and shall not be deemed to be the legal representative or agent of the other Party for any purpose whatsoever, and neither Party is authorized by the other Party to transact business, incur obligations (either express or implied), bill goods, or otherwise act in any manner in the name or on behalf of the other Party, or to make any promise, warranty or representation in the name or on behalf of the other Party, except as expressly permitted in this Agreement. The language of this Agreement shall be construed simply and according to its fair meaning, and shall not be construed for or against any Party as a result of the source of draftsmanship. Should any provision of this Agreement be determined to be void, invalid or otherwise unenforceable by any court or tribunal of competent jurisdiction, such determination shall not affect the remaining provisions hereof which will remain in full force and effect. No waiver or modification of any of the provisions of this Agreement shall be valid unless in writing and signed by both of the Parties. This Agreement may be executed in one or more counterparts, each of which will be deemed an original, but all of which will constitute but one and the same instrument. This Agreement may be executed by facsimile, and any such facsimile copy of a Party's signature shall be treated for all purposes as an original.

Executed this 10th day of February, 2012, at San Francisco, California.

_____
Richard J. Idell