UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FULL CIRCLE UNITED, LLC, a New York
limited liability company,

                          Plaintiff,

     -against-                                                                          **11 CV 5476 (LB)**

SKEE-BALL, INC., a Pennsylvania
Corporation,

                          Defendant.
-------------------------------------------------------------X
SKEE-BALL, INC., a Pennsylvania
Corporation,

                          Plaintiff,

     -against-                                                                          **11 CV 6277 (LB)**

FULL CIRCLE UNITED, LLC, a New York
limited liability company, and DOES 1
through 100, inclusive,

                          Defendants.
-------------------------------------------------------------X

## JOINT STATUS CONFERENCE STATEMENT AND PROPOSED SCHEDULE

In preparation for the Status Conference scheduled for Tuesday, May 20, 2014, at 10:00

a.m., counsel for the parties, Full Circle United, LLC ("Full Circle") and Skee-Ball, Inc. ("SBI"),

conferred regarding various scheduling issues in this matter, including a proposed discovery and

pre-trial schedule for this action.  The parties agree as follows:

    i.    The parties agree that fact discovery commences immediately.

    ii.    The parties agree that entry of an agreed-upon protective order on stipulation

regarding confidential information produced or to be produced in discovery is in order. The

parties will meet and confer concerning such a stipulation and order and agree to submit a proposed protective order to the Court. Until the entry of a suitable protective order, the parties will agree to maintain the confidentiality of information designated as either "confidential" or "attorneys' eyes only".

       iii.    The parties agree to cooperate in scheduling depositions in order to accommodate the schedules of the parties with regard to travel and to endeavor to cluster deposition discovery by date and location to avoid unnecessary travel. In addition, where witnesses require subpoenas, the parties will, to the extent within their control, cooperate to produce witnesses without the necessity of subpoenas.

       iv.    The parties will work cooperatively with their experts to minimize travel in scheduling depositions of experts.

       v.    SBI shall serve and file its Answer to Full Circle's Complaint in Action No. 11-CV-5476 on or before Tuesday, June 3, 2014.

     A.  <u>Full Circle's Statement</u>

       This is a simple case that includes a claim concerning the genericness of the word "skee-ball." Given that this case has been pending for over two years, and the witnesses and facts to be discovered are generally known to the parties, Full Circle submits that an expedited schedule is appropriate. Full Circle welcome's the Court's comment in its Order dated May 13, 2014 that this action shall be expedited with the parties' cooperation (Dkt. No. 58, n. 2 p. 2). In an attempt to move forward expeditiously, Full Circle proposes four months of fact discovery ending on September 19, 2014.

       Because all of SBI's claims are rendered moot if genericness is found—and such a finding aptly may be made by the Court on summary judgment—Full Circle proposes a

bifurcation of the issue of whether the word skee-ball is generic. Counsel for Full Circle

conferred with counsel for SBI about bifurcation, who has indicated his intent to oppose

bifurcation.

Lastly, because Civil Action No 1:11 cv 5476 is the lead case, Full Circle submits

that no additional pleadings or documents be amended or filed in Action No. 1:11cv 6277 so that

the parties and the Court can proceed efficiently in one consolidated case rather than file

duplicative motion papers in two cases that have different pleadings.

B.  SBI's Statement

*Bifurcation*: This is not merely a case of genericness, which, even if it were as simple as

counsel for Full Circle suggests (which it is not), carries a heavy burden of proof and expert

testimony. SBI has brought claims for cancellation of the "brewskeeball" mark, for injunctive

relief, unfair competition and for damages for common law trademark infringement and three

types of Lanham Act violations: (1) trademark infringement, (2) intentional dilution and

tarnishment and (3) false designation of origin. Full Circle's remaining claims include breach of

the covenant of good faith and fair dealing and unfair competition in addition to its claim that

"Skee-Ball" should be determined to be generic. The discovery and witnesses, including expert

witnesses, are common to all of the claims of SBI and Full Circle. Defense of Full Circle's

claims also involves the same overlapping discovery and witnesses.

Bifurcation will not promote efficiency since there are myriad issues in the case with

overlapping claims, witnesses and discovery, all of which are triable by a jury. Factual disputes

will prevent the issue of genericness being decided on summary judgment, but assuming

summary judgment is a viable mechanism for Full Circle on this issue, bifurcation is not

necessary.  Given the commonality of claims, discovery and witnesses, as noted above, bifurcation will not promote efficiency and the request for bifurcation should be denied.

*Discovery, Pre-trial and Trial Schedule*: As set forth below, Full Circle proposes a February 2, 2015 trial date and effectively a very short fact discovery period.  SBI cannot agree to Full Circle's proposed dates. While the case has been pending for two years, there has been no discovery in the matter and both sides should have an opportunity to fully discovery each side's position, including the taking of third party depositions and document discovery. Four months is not sufficient, particularly if there are any discovery disputes. In addition, as explained to counsel for Full Circle in the parties' meet and confer, counsel for SBI starts a two week trial on June 3, 2014 which effectively precludes any deposition discovery in June 2014. Counsel has business travel and other business commitments from September 17 to 20, 2014; October 3 to 12, 2014; October 19 to 26, 2014 (outside of the country); and vacation scheduled from October 27 to November 23, 2014. Counsel for SBI also has a trial scheduled January 20, 2015 for a week; business travel commitments from March  5 to 8, 2015; a trial scheduled for March 23, 2014 for 10 days; and business commitments between April 1 and May 30, 2015 that requires counsel's presence in the San Francisco Bay Area.  Accordingly, SBI proposes a discovery, pre-trial and trial schedule that accommodates counsel's existing schedule and also effectively tracks the schedule set by TTAB in Full Circle's cancelation proceeding. SBI's position is that the consolidated cases are jury matters as to all issues triable by a jury.

*Full Circle's Parallel Cancelation Proceeding*: SBI has asked the TTAB to suspend the cancellation proceeding pending a final determination in these cases. If for any reason, SBI's request for suspension is not granted by the TTAB, and Full Circle does not agree to a suspension, SBI may ask this Court for an Order suspending those proceedings.

*Mediation/ADR*: SBI requests that the Court refer the matters to further mediation.

*Consolidated Proceedings, Amended & Additional Pleadings*: While these cases have been consolidated, the fact that one case has been designated the lead case does not and should not preclude the filing of additional or amended pleadings in the companion case, Action No. 1:11cv 6277. SBI still has its operative pleadings in Action No. 1:11cv 6277 and Full Circle has a counterclaim in the same action. Thus, SBI proposes that  it be permitted to file and serve its Answer to Full Circle's Counterclaim in Action No. 11-CV-6277, on or before Tuesday, June 3, 2014 and that it be permitted to file and serve any amended Complaint in Action No. 11-CV-6277, on or before Tuesday, June 10, 2014.

C.  The Parties' Proposed Schedules

Although the parties met and conferred regarding scheduling, other than as set forth above, no agreement was reached on a discovery, pre-trial and trial schedule. Below are the parties' respective proposed dates:

| Event | Full Circle's proposal | SBI's proposal |
|---|---|---|
| Initial Disclosures | Tuesday, May 20, 2014 | Thursday, July 10, 2014 |
| Completion of Fact Discovery | Friday, September 19, 2014 | Monday, January 23, 2015 |
| Expert Discovery | Expert reports on issues for which the party bears the burden of proof shall be served on or before Friday, September 26, 2014.<br><br>Expert rebuttal reports shall be served on or before Friday, October 17, 2014.<br><br>Depositions of experts shall be completed on or before the close of expert discovery, which shall be Friday, October 31, 2014. | Expert reports on issues for which the party bears the burden of proof shall be served on or before Monday, February 2, 2015.<br><br>Expert rebuttal reports shall be served on or before Monday, February 23, 2015.<br><br>Depositions of experts shall be completed on or before the close of expert discovery, which shall be Monday, March 9, 2015. |

| | | |
|---|---|---|
| Dispositive Motions | Dispositive motions shall be filed on or before Friday, November 12, 2014.<br><br>Oppositions to such motion shall be due Wednesday, November 26, 2014.<br><br>Replies to such motions shall be due Friday, December 5, 2014.<br><br>Oral argument, if deemed necessary, shall be scheduled for Thursday, December 18, 2014. | Dispositive motions shall be filed on or before Monday, April 6, 2015.<br><br>Oppositions to such motion shall be due Monday, April 27, 2015.<br><br>Replies to such motions shall be due Wednesday, May 6, 2015.<br><br>If the Court sees the need for oral argument on any dispositive motions, such argument shall be scheduled for Wednesday, May 13, 2015. |
| Pre-Trial Status Conference | Wednesday, January 7, 2015 | Monday, June 15, 2015 |
| Pre-Trial | The parties will submit a pre-trial order together with trial briefs and proposed voir dire questions and proposed jury instructions and trial exhibits on or before Monday, Monday, January 19, 2014. | The parties will submit a pre-trial order together with trial briefs and proposed voir dire questions and proposed jury instructions and trial exhibits by Wednesday, June 3, 2015. |
| Trial | February 2, 2015<br><br>Full Circle's best estimate of the length of trial is three trial days. | Monday, June 22, 2015<br><br>SBI's best estimate of the length of jury trial is seven to eight trial days. |

Dated:  May 19, 2014                                          Respectfully submitted,


By:    /s/ *John T. Johnson*_____
         John T. Johnson (JJ 7785)
         Kristen McCallion (KM 5593)
         FISH & RICHARDSON P.C.
         601 Lexington Avenue, 52nd Floor
         New York, New York 10022
         Tel: (212) 765-5070
         Fax: (212) 258-2291

         Attorneys for Plaintiff
         FULL CIRCLE UNITED, LLC



By:    /s/ *Richard J. Idell*_____
         Richard J. Idell, Esq.
         Ory Sandel, Esq.
         IDELL & SEITEL LLP
         Merchant Exchange Building
         465 California Street, Suite 300
         San Francisco, CA 94104

         Geri S. Krauss, Esq.
         KRAUSS PLLC
         One North Broadway
         White Plains, NY 10601

         Attorneys for Defendant
         SKEE-BALL, INC.

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 19th day of May, 2014, a true and correct copy of the foregoing **JOINT STATUS CONFERENCE STATEMENT AND PROPOSED SCHEDULE**, was served via ECF upon the following counsel of record for Defendant Skee-Ball, Inc.

Richard J. Idell, Esq.
Ory Sandel, Esq.
IDELL & SEITEL LLP
Merchant Exchange Building
465 California Street, Suite 300
San Francisco, CA 94104

Geri S. Krauss, Esq.
KRAUSS PLLC
One North Broadway
White Plains, NY 10601

_/s/ John T. Johnson_____